IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEANNE A. ELLIS,                )
                                )
          Plaintiff,            )     CIVIL ACTION
                                )     FILE NO.  1:06-CV-363-GET
v.                              )
                                )
UNITED STATES OF AMERICA,       )
                                )
          Defendant.            )

**ORDER**

This matter is presently before the Court on the motion to intervene filed by Walden Security and Arch Insurance/GAB Robins (collectively "movants"). [Doc. 9].  Plaintiff has not objected to the motion.  Defendant raises one issue, discussed below.

On or about February 17, 2006, Plaintiff Deanne A. Ellis ("Plaintiff") filed a complaint alleging that she was injured by a falling sign while working within the scope of her employment for Walden Security. [Doc. 1].  The complaint alleges that Plaintiff was injured when a sign inside the Centers for Disease Control ("CDC"), a federal agency, fell from the wall and struck Plaintiff. [Id.]. Federal jurisdiction over this action rests on the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675 et seq.

Arch Insurance/GAB Robins ("Arch Insurance") alleges that it provided workers' compensation insurance coverage for Walden Security and, as of June 9, 2006, it has paid to or on behalf of

Plaintiff a total of $162,994.56 in worker's compensation benefits. [Doc. 9], Ex. 3, Prince Aff. at 3.  On that basis, movants claim a subrogation interest in any recovery in the present case.

Ga. Code Ann. § 34-9-11.1(b) provides, in part, as follows:

> In the event an employee has a right of action against [another] person . . . and the employer's liability under this chapter has been fully or partially paid, then the employer or such employer's insurer shall have a subrogation lien, not to exceed the actual amount of compensation paid pursuant to this chapter, against such recovery.  The employer or insurer may intervene in any action to protect and enforce such lien. However, the employer's or insurer's recovery under this Code section shall be limited to the recovery of the amount of disability benefits, death benefits, and medical expenses paid under this chapter and shall only be recoverable if the injured employee has been fully and completely compensated, taking into consideration both the benefits received under this chapter and the amount of the recovery in the third-party claim, for all economic and noneconomic losses incurred as a result of the injury.

Section 34-9-11.1(b) clearly provides a right to intervene to protect and enforce the lien.  Further, because of the requirement that the plaintiff be fully and completely compensated, the subrogation interest must be "asserted, perfected, and satisfied in whole or in part in the trial court, because the trial court [has] to determine if the employee [has] been made whole." Canal Ins. Co. v. Liberty Mut. Ins. Co., 256 Ga. App. 866, 870, 570 S.E.2d 60, 65 (Ga. App. 2002) (per curiam) (holding that absent intervention in the tort suit, a worker's compensation insurer could not carry its burden of proof that the employee had been fully compensated).

2

Once an insurer or employer has intervened to protect its subrogation interest, the intervention will affect how the tort action proceeds: the trial may be bifurcated, so that tort damages may be determined without the jury discovering the collateral source worker's compensation benefits, and a special verdict form should be used in order to determine those damages, so that the subrogation lien is not satisfied out of noneconomic damages. Id. at 870. Under Georgia law, it is an abuse of discretion for a trial judge to refuse to allow intervention to protect the subrogation interest created under Ga. Code Ann. § 34-9-11.1(b). Dept. Of Admin. Svcs. v. Brown, 219 Ga. App. 27, 28, 464 S.E.2d 7 (Ga. App. 1995)(holding that an worker's compensation insurer had a right to intervene under both Ga. Code Ann. § 34-9-11.1 and the general intervention statute).

In order to protect their subrogation interest, movants have filed this motion to intervene, claiming an intervention of right under Rule 24(a) of the Federal Rules of Civil Procedure or, alternatively, a permissive intervention under Rule 24(b).

Rule 24(a) provides for intervention of right when a United States statute unconditionally confers such a right, or

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's

3

ability to protect that interest, unless the applicant's
interest is adequately represented by existing parties.

Fed. R. Civ. Pro. 24(a)(2).  In the present case, movants' interest

under Georgia law may be impaired if the Plaintiff receives an award

by settlement or judgment without movants' knowledge or

participation.  See Department of Administrative Services, 219 Ga.

App. at 28.   Further, movants' interests are not adequately

represented by the existing parties because, as discussed above,

movants are not entitled to recover anything unless and until they

can prove to the trial judge that Plaintiff first received full and

complete compensation.  Ga. Code Ann. § 34-9-11.1(b); see also

Department of Administrative Services v. Brown, 219 Ga. App. 27, 28

(Ga. App. 1995).  These movants, therefore, have an interest to

protect in this action and they thus meet the requirements under

Rule 24 to intervene as a matter of right.  Fed. Rule Civ. Pro.

24(a)(2).

Defendant has objected to the extent that movants are asserting

any right to recovery directly against the United States, on the

grounds that movants have not exhausted their administrative

remedies as required by the FTCA as a precondition to suit.  28

U.S.C. § 2675(a).   Although general common law subrogation

principles do not apply to this statutory subrogation lien, an

insurer's right of action under Ga. Code Ann. § 34-9-11.1 is

AO 72A
(Rev.8/82)

nonetheless derivative of the injured employee's claim and does not give rise to an independent cause of action. <u>Canal</u>, 256 Ga. App. at 868-69.    Therefore, where Plaintiff has exhausted her administrative remedies, movants herein should not themselves be required to exhaust administrative remedies again before intervening in this action.

Accordingly, movants' motion to intervene as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure is **GRANTED**.

It is **SO ORDERED**, this 14th day of September, 2006.

s/ <em>E. Clayton Scofield III</em>
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE
