IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEANNE A. ELLIS,                    )
                                    )
            Plaintiff,              )      CIVIL ACTION
                                    )      FILE NO.  1:06-CV-363-ECS
v.                                  )
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            Defendant.              )

**O R D E R**

**I.**
**Introduction**

Plaintiff Deanne Ellis filed the instant negligence action
pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.
("FTCA"), against Defendant, the United States of America, on
February 17, 2006. [Doc. 1].  In her complaint, Plaintiff alleges
that she was injured when, due to the negligence of Defendant, an
improperly mounted exit sign in the Centers for Disease Control
("CDC") fell and struck her head.

On September 28, 2007, the Court issued an Order denying
Defendant's motion for summary judgment, which argued that the
discretionary function exception to the FTCA deprives the Court of
subject matter jurisdiction over Plaintiff's claims.  [Doc. 57].
More specifically, the Court found that the discretionary function
exception, and thus summary judgment, was not available to Defendant
because a specific portion of the Life Safety Code, 101 NFPA §

7.10.9.1, limited the Defendant's discretion as to the sign in question. In footnote 12 to the Court's Order, the Court noted that its determination that the discretionary function exception was inapplicable extended *only* to the Defendant's alleged failure to adhere to 101 NFPA § 7.10.9.1.

On October 16, 2007, Defendant filed a motion for reconsideration, [Doc. 58], requesting that the Court reconsider its denial of summary judgment. On November 1, 2007, Plaintiff filed a motion for leave to file a motion for reconsideration, [Doc. 62], requesting that the Court reconsider its conclusion in footnote 12. On May 7, 2008, the motions came on for a hearing before the undersigned. During the hearing, the undersigned **GRANTED** Plaintiff's motion for leave to file the motion to reconsider. [Doc. 62]. At the conclusion of the hearing, the undersigned took both motions for reconsideration under advisement and permitted Defendant until May 14, 2008, to file a supplemental brief, five pages or less, addressing the new cases presented by Plaintiff at the hearing. Defendant has not done so as of the date of this Order. The matter is ready for a decision.

## II.
## Parties' Contentions

During the hearing, Plaintiff asserted that the discretionary function exception did not apply to the government's relevant

conduct in this case under step two of the discretionary function analysis, because the government's conduct did not involve decisions grounded in regulatory public policy. Plaintiff's counsel also conceded that Plaintiff was not asserting vicarious liability of the government for the actions of its independent contractors. Instead, Plaintiff asserted that the government was liable for its own acts and omissions with regard to the installation, maintenance, and inspection of the sign in question.

Defendant asserted that the CDC had delegated all responsibility for the signs to an independent contractor, McCarthy Construction Company ("McCarthy"), and that because the delegation involved a weighing of public policy, the act of delegation satisfied the second step of the discretionary function analysis. Defendant conceded that, absent delegation, there was no other consideration of public policy that would immunize the CDC's failure to inspect and maintain the sign from scrutiny under the FTCA. Accordingly, Defendant acknowledged that, absent delegation, the discretionary function exception would not apply to divest this Court of jurisdiction under the FTCA.

AO 72A
(Rev.8/82)

**III.**
**Discussion**[1]

**A.   The Previous Decision**

As stated in the earlier ruling, the Federal Tort Claims Act ("FTCA") constitutes a waiver of the United States' sovereign immunity against claims for the negligent actions of its employees. 28 U.S.C. § 1346(b); see also 28 U.S.C. § 2674; Cohen v. United States, 151 F.3d 1338, 1340 (11th Cir. 1998).  The discretionary function exception serves as an exception to the FTCA, and it applies to "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).  When the discretionary function exception applies, a claim must be dismissed for lack of subject matter jurisdiction.   Monzon v. United States, 253 F.3d 567, 569 (11th Cir. 2001).

In considering the discretionary function exception, the Court must first determine exactly what conduct is at issue.  Miles v. Naval Aviation Museum Foundation, 289 F.3d 715, 721 (11th Cir.

_____

[1] The Factual Background from the Court's September 28, 2007, Order has not been contested by the Parties and is incorporated herein by reference.

4

2002); <u>Autery v. United States</u>, 992 F.2d 1523, 1527 (11th Cir. 1993). In its original motion and in its motion for reconsideration, the Defendant asserts that the conduct at issue was the CDC's delegation of responsibility for safety and maintenance of the exit sign to a construction contractor, McCarthy. As the Court explained in the earlier order, the evidence is in dispute regarding the existence and scope of an agreement to delegate responsibility for the exit sign to McCarthy. Furthermore, the Plaintiff is not asserting claims for negligent delegation, but instead for independent acts and omissions by Defendant. Accordingly, as the Court explained, the conduct at issue is the CDC's alleged acts and omissions with respect to the approval, installation, inspection, or maintenance of the sign during the time period at issue.[2]

The Supreme Court has established a two-step analysis to determine when government employee action is protected by the discretionary function exception to the FTCA. <u>See</u> <u>United States v.</u>

---

[2] In her response to the Defendant's motion for reconsideration, Plaintiff asserts that an additional item of conduct should be added, namely Defendant's "approval of the type of sign" or, more precisely, Defendant's failure to "approv[e] the type of sign." (Pl. Br. at 23)[Doc. 61]. Some evidence shows that the CDC was aware of the sign's installation and that, under CDC procedures, their agent should have approved the sign. (Williams Dep. at 50); (Payne Dep. Exh. 17). There is no evidence that a CDC agent ever actually approved the sign. <u>See</u> (Williams Dep. at 21).

5

<u>Gaubert</u>, 499 U.S. 315, 322-23 (1991); <u>Berkovitz v. United States</u>, 486 U.S. 531, 536-37 (1988). The first step is to consider whether the action involves "an element of judgment or choice." <u>Berkovitz v. United States</u>, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531 (1988); <u>Cranford v. United States</u>, 466 F.3d 955, 958 (11th Cir. 2006). The exception does not apply "when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," because, under those circumstances, "the employee has no rightful option but to adhere to the directive." <u>Berkovitz</u>, 486 U.S. at 536; <u>Monzon</u>, 253 F.3d at 570.

In this Court's September 28, 2007, Order, the undersigned concluded that the Defendant's conduct with regard to the subject sign, specifically its failure to adhere to the inspection requirements of the Life Safety Code, 101 NFPA § 7.10.9.1, did not contain an element of "judgment or choice" under the first step of the discretionary function exception test.[3] The Life Safety Code required that the CDC visually inspect exit signs for "operation of the illumination source" at "intervals not to exceed 30 days." 101 NFPA § 7.10.9.1. The evidence shows that no one inspected the sign

_____

[3] As the Court explained, CDC policies dictated that the CDC itself administer and enforce the Life Safety Code. 101 NFPA § 1.7.1; Exit Route Safety Policy Sec. II.A.1. Accordingly, the CDC did not have the discretion to delegate those duties.

AO 72A
(Rev.8/82)

over a period of at least 80 days.   See (Williams Dep. at 51); (Hardy-Bennett Dep. at 11, 35-36).   The Court, accordingly, determined that the CDC's action in not inspecting the sign did not involve an element of "judgment or choice" and did not qualify for the discretionary function exception.   On that basis, the Court determined that summary judgment was not appropriate.

Having determined that summary judgment should be denied, the Court did not reach the second part of the discretionary function analysis.   In footnote 12, however, the undersigned noted that the Court's determination extended *only* to the Defendant's failure to adhere to 101 NFPA § 7.10.9.1, specifically by not conducting visual inspections for illumination.   Implicit in this footnote is the finding that Defendant's conduct in relation to the subject sign would otherwise involve an element of judgment or choice, thus meeting step one of the analysis.   The Court stated, "Absent other evidence of 'fixed or readily ascertainable' mandatory duties, this Court therefore only has subject matter jurisdiction to consider claims arising from the CDC's failure to conduct a visual inspection under the Life Safety Code provisions discussed above."   As stated above, however, the conclusion in footnote 12 was reached without examination of the second step of the discretionary function test.

A court may not determine that any of a plaintiff's claims are barred by the discretionary function exception without first

7

applying both steps of the discretionary function analysis. <u>See</u>
<u>United States v. Gaubert</u>, 499 U.S. 315, 322-23 (1991)(laying out a
two-step test for applying the discretionary function exception);
<u>Berkovitz v. United States</u>, 486 U.S. 531, 536-37 (1988)(same).
Therefore, to the extent that footnote 12 constituted a
determination that any of Plaintiff's claims were barred, it was
erroneous, and that portion of the previous order is **VACATED**.
Accordingly, the Court will now address the second step of the
discretionary function exception analysis.

**B.    The Discretionary Function Exception's Second Part: Conduct
       Pursuant to Policy**

The fact that challenged conduct is found to involve an element
of judgment or choice does not end the inquiry into whether the
discretionary function exception applies. In addition, "a court
must determine whether that judgment is of the kind that the
discretionary function exception was designed to shield."
<u>Berkovitz</u>, 486 U.S. at 536. "The basis for the discretionary
function exception was Congress' desire to 'prevent judicial
second-guessing' of legislative and administrative decisions
grounded in social, economic, and political policy through the
medium of an action in tort." <u>Berkovitz</u>, 486 U.S. at 536-37 (quoting
<u>United States v. Variq Airlines</u>, 467 U.S. 797, 814 (1984)); <u>Gaubert</u>,
499 U.S. at 322-23. The exception "protects only governmental

8

actions and decisions based on considerations of public policy."
Berkovitz, 486 U.S. at 537. Thus, the critical question now before
the Court is whether the decisions of the CDC in regard to
inspection and maintenance of the sign are "susceptible to policy
analysis" and "the kind of conduct that can be said to be grounded
in the policy of the regulatory regime." Cranford, 466 F.3d at 959-
60.

"When established governmental policy, as expressed or implied
by statute, regulation, or agency guidelines, allows a Government
agent to exercise discretion, it must be presumed that the agent's
acts are grounded in policy when exercising that discretion."
United States v. Gaubert, 499 U.S. 315, 324, 111 S.Ct. 1267, 1274,
113 L.Ed.2d 355 (1991); see also Cranford, 466 F.3d at 959 (applying
the presumption where regulations expressly provided that a
government agent "may" engage in the conduct at issue "in such
manner and for so long as, in his judgment, the needs of maritime
navigation require."). This presumption, however, only applies when
the agent's discretion is grounded in regulatory policy "as
expressed or implied by statute, regulation, or agency guidelines,"
not when the agent's discretion is unconnected to permissible policy
judgments, such as when an government employee causes a traffic

collision during the course of his official duties.  <u>Gaubert</u>, 499 U.S. at 324, 325 n. 7.[4]

In <u>Berkovitz</u>, the Supreme Court offered examples from its earlier cases of conduct that did and did not involve permissible exercises of policy judgment.  <u>Berkovitz</u>, 486 U.S. at 538.  The Supreme Court pointed to <u>United States v. Varig Airlines</u>, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984), as an example of conduct that did constitute a permissible exercise of policy judgment and that would, therefore, be protected by the discretionary function exception.  <u>Id.</u>  In <u>Varig Airlines</u>, plaintiffs sued the Federal Aviation Administration ("FAA") for certifying airplanes without first inspecting them.  The Supreme Court found that the FAA's decision to execute a "spot check" program was a result of a policy judgment "regarding the degree of confidence that might reasonably be placed in a given manufacturer, the need to maximize compliance with FAA regulations, and the efficient allocation of agency resources."  <u>Varig Airlines</u>, 467 U.S. at 820.  The Supreme Court accordingly found that the second part of the discretionary function exception test had been met.

_____

[4]"Although driving requires the constant exercise of discretion, the official's decisions in exercising that discretion can hardly be said to be grounded in regulatory policy."  <u>Gaubert</u>, 499 U.S. at 325 n. 7.

AO 72A
(Rev.8/82)

The Supreme Court in <u>Berkovitz</u> also cited <u>Indian Towing Co. v.</u> <u>United States</u>, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955), as an example of a case that did not involve a permissible exercise of policy judgment. <u>Berkovitz</u>, 486 U.S. at 538 n. 3. Although <u>Indian</u> <u>Towing</u> did not address the discretionary function exception directly, the Supreme Court stated that it "illuminate[d] the appropriate scope of the discretionary function exception." <u>Id.</u> The plaintiff in <u>Indian Towing</u> sued the Coast Guard for failing to maintain a lighthouse in good working order. The Supreme Court found that the government's "initial decision to undertake lighthouse service was a discretionary judgment." <u>Berkovitz</u>, 486 U.S. at 538 n. 3 (citing <u>Indian Towing</u>, 350 U.S. at 69). The Court went on to hold, however, that "once [the government] exercised its discretion to operate a light . . . , it was obligated to use due care to make certain that the light was kept in good working order; and, if the light did become extinguished, then the Coast Guard was further obligated to use due care to discover this fact and to repair the light or give warning that it was not functioning." <u>Indian Towing</u>, 350 U.S. at 69. In <u>Berkovitz</u>, the Court stated that the failure to maintain the lighthouse "did not involve any permissible exercise of policy judgment." <u>Berkovitz</u>, 486 U.S. at 538 n. 3.

AO 72A
(Rev.8/82)

Two cases in other circuits, <u>Gotha v. United States</u>, 115 F.3d 176 (3rd Cir. 1997), and <u>Whisnant v. United States</u>, 400 F.3d 1177 (9th Cir. 2005), examine the scope of permissible policy judgments in the context of fact patterns similar to the case at hand. The plaintiffs in both these cases, like the Plaintiff in the present case, were employees of independent contractors doing work in government premises. <u>Gotha</u>, 115 F.3d at 178; <u>Whisnant</u>, 400 F.3d at 1179. Both the Ninth and Third Circuits held that, even in the absence of policies or regulations that expressly limit the government's discretion, the failure of government agencies to maintain safe premises is not a permissible exercise of policy judgment for the purposes of the discretionary function exception. <u>Gotha</u>, 115 F.3d at 181-82; <u>Whisnant</u>, 400 U.S. at 1183.

In <u>Gotha</u>, the plaintiff was injured walking down an unlit, sloping pathway in the dark on a Navy land base. <u>Gotha</u>, 115 F.3d at 178. The Third Circuit held that Defendant met the first part of the discretionary function exception test, because no regulations limited the government's discretion regarding the pathway. <u>Id.</u> at 180-81. The Third Circuit went on to hold, however, that the Navy's failure to make the path safe was not a policy judgment and that the discretionary function exception did not, therefore, apply. <u>Id.</u> at 181-82. In so holding, the Third Circuit rejected the Navy's argument that it had to balance concerns about completing its

12

missions against the costs of constructing stairs, placing lights, or erecting barriers. Id. at 181. The court stated, "This case is not about a national security concern, but rather a mundane, administrative, garden-variety, housekeeping problem that is about as far removed from the policies applicable to the Navy's mission as it is possible to get. In the words of the Supreme Court, the 'challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime.'"[5] Gotha, 115 F.3d at 181-82 (quoting Gaubert, 499 U.S. at 325).

In Whisnant, the plaintiff made weekly product deliveries to the meat department of a Navy commissary, where, for three years, safety inspections had revealed the accumulation of toxic mold. Whisnant, 400 F.3d at 1179-80. Plaintiff alleged she was injured by the presence of the mold. Id. Both parties agreed that there was no statute, policy, or regulation that specifically prescribed

---

[5] Defendant has asserted that the Third Circuit's ruling in Gotha runs counter to the Supreme Court's holding in Gaubert. In Gaubert, the Supreme Court noted that "day-to-day management . . . regularly requires judgment as to which of a range of permissible courses is the wisest," and "[d]iscretionary conduct is not confined to the policy or planning level." Gaubert, 499 U.S. at 325. The Supreme Court, however, still required that mundane, day-to-day decisions involve demonstrable policy judgments in order to apply the discretionary function exception. See Gaubert, 499 U.S. at 332 (finding that policy judgments were involved in federal regulators' day-to-day conduct because "[the regulators] sought to protect the solvency of the savings and loan industry at large, [to] maintain the public's confidence in that industry, [and to] preserve the assets of IASA for the benefit of depositors and shareholders.").

how the commissary was to be inspected or a specific course of conduct for addressing mold. Id. at 1181. Thus, the case turned on the second part of the discretionary function analysis. The Ninth Circuit held, "the government's duty to maintain its grocery store as a safe and healthy environment for employees and customers is not a policy choice of the type the discretionary function exception shields." Whisnant, 400 U.S. at 1183.

In determining whether exercise of discretion involves a permissible exercise of policy judgment, the Eleventh Circuit looks to whether the government has had to balance competing needs. See Cranford, 466 F.3d at 960 (finding the Coast Guard's decision in marking a wreck involved policy considerations "such as taking into account the knowledge and customers of international mariners, balancing the needs to pleasure and commercial watercraft, and evaluating agency resource constraints, which include but are not limited to financial concerns"); Autery, 992 F.2d at 1531 (finding that the Park Service exercised a permissible policy judgment in failing to remove a tree, because it had to "determine and weigh the risk of harm from trees in various locations, the need for other safety programs, the extent to which the natural state of the forest should be preserved, and the limited financial and human resources involved.")

14

Defendant's arguments regarding step two are based on the assumption that the conduct at issue is the CDC's delegation of responsibility for the signs to McCarthy. (Def. Reply Br. at 13-14)[Doc. 63]. Whether Defendant delegated all responsibility for installation, maintenance, and inspection of the subject sign, however, is factually disputed. (Def. Br. at 5-6)[Doc. 58]. As Defendant has conceded, to the extent that the CDC did not delegate premises safety with regard to the sign in question to McCarthy, the CDC's failure to inspect and maintain the sign would not be pursuant to a permissible policy judgment. The government has pointed to no competing interest, even budgetary, that would justify exempting the CDC from its otherwise existing duty to inspect and maintain its own exit signs in a building it is occupying.

"The law is clear that the government may delegate its safety responsibilities to independent contractors in the absence of federal laws or policies restricting it from doing so." Andrews v. United States, 121 F.3d 1430, 1440 (11th Cir. 1997). Moreover, the Eleventh Circuit has found in multiple instances that a decision to delegate is grounded in policy concerns. Id.; Johns v. Pettibone Corp., 843 F.2d 464, 468 (11th Cir. 1988). Except to the extent that the government has "retained and exercised control over [a] project's safety" and not delegated that control, "the discretionary function exception encompasses government decisions about how and

15

how much to supervise the safety procedures of independent contractors." <u>Andrews</u>, 121 F.3d at 1440-41.

Accordingly, if the CDC delegated all its responsibilities with regard to the approval, installation, maintenance, and inspection of the exit sign to McCarthy, then the discretionary function exception may apply.[6]  On the other hand, to the extent that the CDC retained control of the premises, and retained a duty to approve, install, inspect, or maintain the sign, the second part of the discretionary function analysis would subject Defendant to potential liability for negligence under the FTCA.  Therefore, issues of material fact regarding the existence and scope of any delegation are present in this case, as are issues of material fact regarding any negligence of Defendant.  Summary judgment is not appropriate.

**C.   Applicability of 40 U.S.C. § 3312**

For the first time in its motion for reconsideration, Defendant has asserted that 40 U.S.C. § 3312 provides an additional statutory basis for granting summary judgment to the government.  (Def. Br. at 6-10)[Doc. 58].  Forty U.S.C. § 3312(b) provides:

> Each building constructed or altered by the General Services Administration or any other federal agency shall be

---

[6] Alternately, if all responsibilities and control were delegated, then any negligence would presumably be attributable to McCarthy's employees, for whom the CDC would not be liable under the independent contractor exception to the FTCA.  <u>See</u> <u>Tisdale v. United States</u>, 62 F.3d 1367, 1371 (11th Cir. 1995); 28 U.S.C. § 1346(b).

16

constructed or altered, to the maximum extent feasible as determined by the Administrator or the head of the federal agency, in compliance with one of the nationally recognized model building codes and with other applicable nationally recognized codes, including electrical codes, fire and life safety codes, and plumbing codes, as the Administrator decides is appropriate. In carrying out this subsection, the Administrator or the head of the federal agency shall use the latest edition of the nationally recognized codes.

The statute goes on to specify that, "[a]n action may not be brought against the Federal Government and a fine or penalty may not be imposed against the Government for failure to meet the requirements of subsection (b). . . ." 40 U.S.C. § 3312(f).

There is very little persuasive, and no controlling, authority regarding the applicability of 40 U.S.C. § 3312 to FTCA claims. In Schuyler v. United States, 987 F.Supp. 835 (S.D.Cal. 1997), the plaintiff alleged that the government violated 40 U.S.C. § 3312(b) (then cited as 40 U.S.C. § 619(a)) by failing to build guardrails to the height required by the relevant building codes. Schuyler, 987 F.Supp. at 844. The court found that the guardrail where the plaintiff was injured had, in fact, met the building code requirements. Id. at 846. In dicta, the court noted that, even in the absence of the discretionary function exception, 40 U.S.C. § 3312(f) (then cited as 40 U.S.C. § 619(e)) would shield the government from FTCA liability for its failure to meet building codes. Id. at 844-45, 846.

17

A subsequent decision by another district court in California, however, held that 40 U.S.C. § 3312(f) served to shield the government only from liability for negligence per se. Greene v. United States, 207 F.Supp.2d 1113, 1123 (E.D.Cal. 2002). The court stated, "the statute does not immunize the United States from all and every construction defect no matter how one seeks to remedy the defect. Rather, the language of the statute simply precludes an action based on a violation of [40 U.S.C. § 3312(b), (c), or (d)]. In this case, that means no action may be based on a failure to follow the building codes as discussed above, i.e., no negligence per se finding is available." An Illinois district court adopted the same conclusion as the Greene court. Luna v. United States, 2004 WL 2331840, *7 (N.D.Ill. 2004).

This Court also finds the reasoning in Greene persuasive. As discussed above, Plaintiff's claims are not limited to claims based solely upon the Defendant's failure to follow the Life Safety Code. Although the discretionary function exception requires a discussion of the applicable codes and regulations, Plaintiff's claims are not in the nature of negligence per se claims, or based solely upon Defendant's alleged failure to comply with any given building codes within the contemplation of 40 U.S.C. § 3312. Accordingly, 40 U.S.C. § 3312 does not shield Defendant from Plaintiff's claims, and summary judgment is not appropriate on this basis.

18

## D. Additional Matters

The parties in this case have filed a proposed consent order stating that they wish to have an additional ninety (90) days' discovery in which to depose medical experts after the Court has ruled on the motions for reconsideration. [Doc. 60]. Additionally, in its motion for reconsideration, Defendant has objected to Plaintiff's use of Garvin T. Dreger, an expert witness, on the grounds that Plaintiff had not complied with Rule 26(a)(2) of the Federal Rules of Civil Procedure and Local Rule 26.2.C. (Def. Br. at 10-14)[Doc. 58].

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires that "a party must disclose to the other parties the identity of any witness it may use at trial" to present expert testimony. Fed.R.Civ.P. 26(a)(2)(A). Furthermore, unless otherwise stipulated or ordered, "this disclosure must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case. . . ." Fed.R.Civ.P. 25(a)(2)(B). The report must contain "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications

authored in the previous 10 years; (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed.R.Civ.P. 26(a)(2)(B).

Local Rule 26.2.C provides that "[a]ny party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar deposition of the second expert might also be conducted. . . ." L.R. 26.2.C, N.D.Ga. The rule also states, "[a]ny party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by court order based upon a showing that the failure to comply was justified." Id.

Upon consideration, the Court will **GRANT** the joint request for ninety (90) days in which to depose medical experts prior to trial. [Doc. 60]. Under the circumstances, the testimony of Garvin T. Dreger will not be excluded at this time, and Defendant's motion in this regard is **DENIED**. Plaintiff is **DIRECTED** to comply with Rule 26(a)(2) within ten (10) days of the entry of this order and to make Dreger available for deposition within twenty (20) days thereafter.

20

If Defendant retains an expert in rebuttal, Defendant shall likewise comply with Rule 26(a)(2) and make its expert available for deposition prior to trial. All discovery shall be completed within this ninety (90) day extension.

## IV.
## Conclusion

For the foregoing reasons, Defendant's motion for reconsideration, [Doc. 58], is **DENIED**. Plaintiff's motion for leave to file a motion for reconsideration and for reconsideration of footnote 12 of the Court's September 28, 2007, Order, [Doc. 52], is **GRANTED**. Footnote 12 of this Court's September 28, 2007, Order is **VACATED**, and this Order is substituted as the determination of this Court on the motion for summary judgment. Defendant's motion for summary judgment is therefore **DENIED**, as stated herein.

The parties' motion for an additional 90 days in which to conduct discovery regarding expert witnesses, [Doc. 60], is **GRANTED**. The parties' consolidated pretrial order shall be due thirty days after the close of discovery. See L.R. 16.4(A), N.D.Ga. Issues to be determined at trial will include the existence and scope of any delegation of responsibility for the conduct herein to McCarthy and, to the extent of any remaining subject matter jurisdiction, Defendant's negligence and liability under the FTCA.

AO 72A
(Rev.8/82)

**SO ORDERED**, this 15th day of May, 2008.


/s/ E. Clayton Scofield
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)